# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA JONES, individually and as Executrix of the Estate of LANDON JONES, decease; ANTHONY JONES, a minor by and through his parent, THERESA JONES; HUNTER JONES, a minor by and through his parent, THERESA JONES; CHRISTINA GIBSON; individually and as Executrix of the Estate of JONATHAN GIBSON, decease; MAKAYLIN GIBSON, a minor by and through her parent, CHRISTINA GIBSON; ALEXANDER GIBSON, a minor by and through his parent, CHRISTINA GIBSON,<br><br>                                Plaintiff,<br>   v.<br>UNITED STATES DEPARTMENT OF THE NAVY; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; PRUDENTIAL INSURANCE COMPNAY OF AMERICA, a New Jersey Corporation; GIBBS & COX, INC., a New York Corporation; BATH IRON WORKS CORPORATION, a Maine Corporation; HUNTINGTON INGALLS INDUSTRIES, INC., a Delaware Corporation; and JANA VAVASSEUR, an individual,<br><br>                                Defendant. | CASE NO. 15cv2087-WQH-RBB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File Second Amended Complaint Pursuant to Federal Rule Civil Procedure15(a)(2). (ECF No. 62).

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the motion for leave to file the second amended complaint and all related filings, the Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.

IT IS HEREBY ORDERED that the Motion for Leave to File Proposed Second Amended Complaint (ECF No. 62) is granted. Plaintiffs shall file the proposed second amended complaint attached to the motion within ten (10) days from the date of this Order.

DATED: 7/17/16

WILLIAM Q. HAYES
United States District Judge